**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MOUHCINE EL KOURATI,

        Plaintiff,

v.                                     Case No:   6:24-cv-2044-RBD-LHP

BUDGET RENT A CAR SYSTEM,
INC.,

        Defendant

---

**ORDER**

Plaintiff Mouhcine El Kourati instituted this employment discrimination action against Defendant Budget Rent A Car System, Inc. on July 31, 2024 in the Circuit Court of the Ninth Judicial Circuit for Orange County. Doc. No. 1-1. Defendant removed the case to this Court on November 8, 2024. Doc. No. 1. Plaintiff, initially represented by an attorney, has been proceeding *pro se* since January 14, 2026. Doc. Nos. 30-33. Discovery opened on or around March 10, 2025, and closed on January 30, 2026. Doc. Nos. 24-25.

Now before the Court is Defendant's Short Form Motion to Compel. Doc. No. 34. According to the motion, during Defendant's deposition of Plaintiff, Plaintiff admitted to possessing documents responsive to Requests 6, 7, 14, 16, and

17 from Defendant's First Request for Production but, to date, has failed to provide those documents. *Id.* at 2-3. Plaintiff also wholly failed to respond to Defendant's Second Request for Production, served after Plaintiff's deposition. *Id.* at 2. Counsel for Defendant attempted to confer with Plaintiff on several occasions regarding this motion, but Plaintiff did not respond. *Id.* at 3-4; Doc. No. 35.

Plaintiff has not responded to Defendant's motion, and the time to do so has now expired. *See* Doc. No. 26 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(d). Accordingly, the Court deems the motion unopposed in all respects. *See* Doc. No. 26 ¶ 5 (stating that failure to file a timely response will result in the discovery motion being deemed unopposed); *Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL

2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"), *cert. denied*, 493 U.S. 863 (1989).

Upon review of the unopposed motion, and the related discovery attached, the Court finds Defendant's motion (Doc. No. 34) to be well-taken, in part. The motion also includes a request for attorneys' fees associated with filing this motion, however, upon consideration, the Court declines to award sanctions in this one instance. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

Accordingly, it is **ORDERED** as follows:

1. Defendant's Short Form Motion to Compel (Doc. No. 34) is **GRANTED in part**.

2. Within **fourteen (14) days** of the date of this Order, Plaintiff shall serve on Defendant:

 a. All documents in his possession, custody, or control responsive to Requests 6, 7, 14, 16, and 17 from Plaintiff's First Request for Production, to include records showing jobs to which Plaintiff applied subsequent to his termination; Plaintiff's resumé; correspondence with other witnesses, including regarding Plaintiff's claims in this action; records showing Plaintiff's earnings from 2020 to present; and

Plaintiff's tax returns from 2020 to 2025.   *See* Doc. No. 34, at 2-3; Doc. No. 34-1.

b.      Complete responses to Defendant's Second Request for Production, along with production of all documents in his possession, custody, or control responsive to Defendant's Second Request for Production.   *See* Doc. No. 34-3.

3.      All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.   *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4.      Defendant's motion (Doc. No. 34) is **DENIED** in all other respects.

5.      **Failure to comply with this Order may result in further sanctions.** *See* **Fed. R. Civ. P. 37(b).**

   **DONE** and **ORDERED** in Orlando, Florida on February 12, 2026.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties