# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MOUHCINE EL KOURATI,

      Plaintiff,

    v.                               Case No.  6:24-cv-02044-JSS-LHP

BUDGET RENT A CAR SYSTEM,
INC.,

      Defendant,

---

### ORDER

Before the Court is Defendant's Motion for Sanctions (Doc. No. 39), to which Plaintiff has filed a response in opposition (Doc. No. 50), and the parties' joint notice following Court-ordered additional conferral.  Doc. Nos. 57, 61. For the reasons discussed below, the motion (Doc. No. 39) is due to be granted in part and denied in part.

## I.     BACKGROUND

Plaintiff initially filed this action in state court on July 31, 2024, while represented by counsel.  Doc. No. 1-1.  He asserts claims against his former employer for race, national origin, and religious discrimination, as well as for retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA").  *Id.*  The case was removed to this Court on

1

November 8, 2024 (Doc. No. 1), a Case Management and Scheduling Order issued (Doc. Nos. 25, 60), and discovery closed on January 30, 2026.  *See* Doc. No. 25, at 3.

Since January 14, 2026, Plaintiff has been proceeding in this case *pro se.*  Doc. No. 33.  On January 29, 2026, Defendant filed a Short-Form Motion to Compel.  Doc. No. 34.  Plaintiff did not respond (*see* Doc. No. 26, ¶ 5), so, on February 12, 2026, the Court granted the motion to compel and ordered production of discovery by Plaintiff on or before February 26, 2026.  Doc. No. 36.  Specifically, the Court ordered Plaintiff to produce to Defendant "All documents in his possession, custody, or control responsive to Requests 6, 7, 14, 16, and 17 from Plaintiff's First Request for Production, to include records showing jobs to which Plaintiff applied subsequent to his termination; Plaintiff's resumé; correspondence with other witnesses, including regarding Plaintiff's claims in this action; records showing Plaintiff's earnings from 2020 to present; and Plaintiff's tax returns from 2020 to 2025."  *Id.* at 3-4.  The Court also ordered Plaintiff to serve on Defendant "[c]omplete responses to Defendant's Second Request for Production, along with production of all documents in his possession, custody, or control responsive to Defendant's Second Request for Production."  *Id.* at 4.  The Court did not, however, award sanctions, but did warn Plaintiff that a failure to comply may result in further sanctions.  *Id.* at 3, 4 (citing Fed. R. Civ. P. 37(b)).

On March 11, 2026, Defendant filed its motion for sanctions, though which Defendant contends that Plaintiff late-served "some documents" relating to tax returns and employment applications, did not produce any other requested documents, and wholly failed to respond to Defendant's Second Request for Production. Doc. No. 39. Based on Plaintiff's failure to comply, Defendant seeks the sanction of dismissal, or alternatively that Plaintiff be precluded from seeking emotional distress damages and from introducing witnesses he identified in discovery at trial. *Id.* Plaintiff did not file a response to the motion (*see* Local Rule 3.01(d); Doc. No. 26, ¶ 5), however, based on the Court's review of the docket, it appeared that Court filings were being returned as undeliverable, and Plaintiff had not updated his address or contact information. *See, e.g.,* Doc. Nos. 38, 40, 46. Given the nature of the sanctions requested, the Court directed Defendant to email a copy of its motion and several Orders to Plaintiff, and provided Plaintiff one final opportunity to respond to the motion. Doc. No. 48. *See also* Doc. No. 49.

On April 14, 2026, Plaintiff filed his response, in which he states that he has made "good-faith efforts" to comply with discovery, has conducted a reasonable search for all responsive documents, and has produced all responsive documents in his possession, custody, or control. Doc. No. 50. Plaintiff further states that he did not intentionally conceal any documents or disregard Court Orders, has actively participated in the case, and has not acted in bad faith. *Id.* And to the extent

3

any sanctions are required, Plaintiff claims that a "lesser remedy would be more appropriate." *Id.* Plaintiff did not, however, address his failure to provide written responses to Defendant's Second Request for Production.

Upon consideration of the motion and response, (Doc. Nos. 39, 50), it was not clear to the Court the precise scope of the discovery that remained in dispute, if any. The Court therefore ordered the parties to conduct an additional good faith conferral, and to file a joint notice with the Court "identifying the specific discovery requests that remain at issue, the status of any discovery production that remains outstanding and a deadline for when the production will occur, as well as each party's position on the question of whether sanctions under Federal Rule of Civil Procedure 37(b) should still be considered." Doc. No. 57, at 3.

The parties filed their joint notice on May 6, 2026. Doc. No. 61. The joint notice does not identify any specific discovery requests that remain at issue, although the joint notice states that while Plaintiff "generally claims" he does not have any responsive documents, he has still not provided a written response to Defendant's Second Request for Production. *Id.* at 1. With regard to the status of outstanding discovery production, the joint notice recites that Plaintiff has now produced outstanding tax return documents and additional documents regarding job applications responsive to Defendant's First Request for Production, that Plaintiff has no further documents to produce in response to any document

4

requests, and that Plaintiff has produced everything in his possession, custody, or control. *Id.*

With respect to the question of sanctions, however, the parties differ. On the one hand, Plaintiff argues that sanctions are not warranted because he has acted in good faith throughout this litigation, including attending his deposition, participating in mediation, and producing documents in response to Defendant's discovery requests. Doc. No. 61, at 2. Plaintiff further argues Defendant has not suffered any prejudice, and that any delay or deficiency in discovery "was not willful or in bad faith, but the result of limited access to certain records and Plaintiff's *pro se* status." *Id.*

On the other hand, Defendant contends that the sanction of dismissal with prejudice is warranted, or alternatively, Plaintiff's claim for emotional distress damages should be stricken. *Id.* at 2-5. Defendant argues that Plaintiff's actions constitute a "flagrant disregard of his discovery obligations," and that Defendant has been prejudiced because it was forced to file its summary judgment motion without the benefit of Plaintiff's substantive discovery responses. *Id.* at 4. Defendant further states it has spent "significant resources" to compel Plaintiff to participate in discovery, only to ultimately realize that Plaintiff did not have any responsive documents to produce. *Id.* As for the alternative request to strike Plaintiff's emotional distress damages claim, Defendant argues that its Second

Request for Production included discovery requests related to that claim, and Plaintiff should not be permitted to proceed on this claim without answering those discovery requests, even though Plaintiff has now clarified that he has no responsive documents. *Id.* at 4-5.

## II.    ANALYSIS

Defendant seeks sanctions under both Federal Rule of Civil Procedure 37(b) and Rule 41(b).  Doc. No. 39.

"Rule 37 authorizes a district court to impose such sanctions 'as are just' against a party that violates an order compelling discovery. . . . District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (first citing Fed. R. Civ. P. 37(b)(2), then citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir.), *cert. denied*, 510 U.S. 863 (1993)).  "Rule 37(b) authorizes a panoply of sanctions for a party's failure to comply with a discovery order." *Wyndham Vacation Ownership, Inc., v. Clapp Bus. Law, LLC*, No. 6:19-cv-756-Orl-41GJK, 2020 WL 3266059, at *2 (M.D. Fla. Apr. 2, 2020) (quotation marks and citation omitted).  Those include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

6

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Strict adherence to Rule 37 is necessary to prevent "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted).[1]  "[S]anctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to ensure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam).  However, the extent of the sanctions must be "'reasonable' in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985).  And because dismissal of an action is a drastic sanction, a district court may implement it only as a last resort,

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

7

when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions would not suffice. *United States v. One 32' Scorpion Go–Fast Vessel*, 339 Fed. Appx. 903, 905 (11th Cir. 2009); *Malautea*, 987 F.2d at 1542. These principles apply with equal force to *pro se* parties. *Zow v. Regions Fin. Corp.*, 595 Fed. Appx. 887, 889 (11th Cir. 2014); *see also Smith v. Atlanta Postal Credit Union*, 350 Fed. Appx. 347, 350–51 (11th Cir. 2009) (finding that district court did not abuse its discretion in dismissing *pro se* plaintiff's case with prejudice for failure to comply with her discovery obligations, the procedural rules applicable to her case, and the court's discovery order, pursuant to Rule 37(b)(2)(A) and Rule 41(b)).

Further, under Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

8

The Court may also dismiss an action as a sanction under Federal Rule of Civil Procedure 41(b).  "[A] district court may dismiss a complaint for failure to comply with a court order or the federal rules."  *Porton v. SP One, Ltd*, No. 6:15-cv-566-Orl-40KRS, 2015 WL 1648893, at *3 (M.D. Fla. Apr. 13, 2015) (citing Fed. R. Civ. P. 41(b)).  "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999) (citation omitted).  However, dismissal of a complaint with prejudice "is considered a sanction of last resort, applicable only in extreme circumstances."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th. Cir. 1985)).

Upon review of the parties' filings, the Court finds that sanctions are warranted, although not to the extent Defendant requests.  Plaintiff does not dispute that he failed to comply with the Court's February 12, 2026 Order within the time period provided. Doc. No. 50.  Nor did Plaintiff respond to the motion for sanctions until the Court provided him a second chance to do so, and only after the Court noticed that Plaintiff failed to notify the Court of his change of address, and the Court directed Defendant to serve Plaintiff via email. Doc. No. 48.  *See also Est. v. Lehigh Reg'l Med. Ctr.*, No. 2:24-cv-246-JLB-KCD, 2024 WL 4627784, at *1 (M.D. Fla. Apr. 9, 2024), *report and recommendation adopted*, No. 2:24-cv-246-JLB-KCD, 2024 WL 4625726 (M.D. Fla. Oct. 30, 2024) ("To prosecute an action in federal court, a *pro se*

plaintiff must provide and maintain an address where he will receive notices and orders from the Court.") (citing Fed. R. Civ. P. 11(a)). To be frank, Plaintiff was lucky that the Court provided this second chance; the Court was well within its authority to recommend granting the motion for sanctions in its entirety as unopposed. *See* Local Rule 3.01(d).

That said, this is not a case where a litigant has exhibited a continual pattern of defying Court orders. Rather, the only order that Plaintiff failed to comply with is the February 12, 2026 Order, and Plaintiff has since made efforts to comply; as set forth in the parties' joint notice, Plaintiff has now produced all documents in his possession, custody, or control that are responsive to any of Defendant's document requests. Doc. No. 61. This is also not a situation where a party has abandoned his case; Plaintiff has actively participated in this litigation otherwise, including attending his deposition and mediation. In addition, the Court has not previously awarded sanctions, and the Court was able to secure Plaintiff's participation with a warning and a second bite at the apple. Doc. Nos. 49-50, 61. *See, e.g., Lloyd v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:20-cv-1447-RBD-EJK, 2021 WL 12300280, at \*2 (M.D. Fla. Nov. 1, 2021), *report and recommendation adopted*, No. 6:20-cv-1447-RBD-EJK, 2021 WL 12300278 (M.D. Fla. Dec. 3, 2021) (declining to recommend sanction of dismissal with prejudice where plaintiff failed to comply with court deadline to produce discovery, but ultimately did produce responsive documents; and noting

10

that missing a deadline in one order does not establish a pattern or practice of bad faith).

The Court also is not fully persuaded by Defendant's claims of prejudice. Defendant states that it was forced to submit a summary judgment motion without possessing substantive discovery responses, but points to no specific issue that it was unable to address in its motion.[2]   And Defendant's arguments as to the emotional distress damages discovery are even less persuasive where Plaintiff has represented that he does not have any documents responsive to Defendant's discovery requests, and that his deposition testimony about other documents related to an older email account that he no longer has access to.  Doc. No. 61, at 2, 4-5.  *See Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) (noting that dismissal is inappropriate where "a party's failure to comply is due to inability rather than to willfulness, bad faith, or disregard of responsibilities.").  Instead, it seems that the only true prejudice Defendant has suffered is the time and expense of pursuing the present sanctions motion in order to confirm whether all relevant discovery had been produced.  *Id.* at 4.

---

[2] The Court also notes that Defendant did not move for sanctions until after it filed its motion for summary judgment, even though Plaintiff's deadline to comply with the February 12, 2026 Order expired prior to the dispositive motions deadline.  *See* Doc. Nos. 36, 37, 39.

11

The Court therefore finds that the more appropriate sanction at this point is to award monetary sanctions in the form of Defendant's fees incurred in the filing of the motion for sanctions, and the joint notice.  The Court will also order Plaintiff to provide full written responses to Defendant's Second Request for Production. *See, e.g., Williams v. Bank of Am. Corp.*, No. 3:15-cv-1449-J-39MCR, 2019 WL 4016474, at \*12 (M.D. Fla. July 30, 2019), *report and recommendation adopted as modified*, No. 3:15-cv-1449-J-39MCR, 2019 WL 4016477 (M.D. Fla. Aug. 16, 2019), *aff'd*, 824 F. App'x 790 (11th Cir. 2020) (declining to impose sanction of dismissal or other more severe sanctions and instead awarding reasonable attorney fees and expenses, despite plaintiff's repeated failure to attend his deposition, where to date "sanctions have only been threatened, but not imposed, and it is still possible that sanctions short of an outright dismissal of the case could achieve the goals of Rule 37," and "aside from the deposition difficulties, defendants pointed to no other instances of willfully disobedient conduct."); *O'Boyle v. Sweetapple*, No. 14-CV-81250, 2016 WL 9559955, at \*3 (S.D. Fla. Aug. 15, 2016) (declining to strike *pro se* plaintiff's claim for economic damages where plaintiff failed to comply with court's discovery order "as this would be too extreme a sanction at this juncture given the procedural history in the case," and instead ordering production of discovery and imposing sanctions in the form of attorney's fees in favor of defendant).

### III.   CONCLUSION

Accordingly, Defendant's motion for sanctions (Doc. No. 39) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.     Within **ten (10) days** from the date of this Order, Plaintiff shall serve full written responses to Defendant's Second Request for Production.  If Plaintiff does not have any responsive documents in his possession, custody, or control, or has already produced all responsive documents, he shall state as much in response to the specific request.

2.     Within **ten (10) days** from the date of this Order, Plaintiff and Defendant shall confer – in person, via telephone, or via videoconference—in a good faith effort to resolve the amount of attorney's fees and costs to which Defendant is entitled pursuant to this Order, and which were incurred in the preparation and filing of the motion for sanctions and the parties' joint notice (Doc. Nos. 39, 61).  By this same deadline, the parties shall file a Joint Notice on the docket stating whether the issue was resolved by agreement.  If the parties are unable to agree on the amount of attorney's fees and costs, within **seven (7) days** from the filing of the Joint Notice, Defendant may file a motion to quantify the attorney's fees and costs awarded by this Order.  The motion for quantification must be supported by evidence concerning counsel's hourly rate and the time spent preparing and filing the motion for sanctions and joint notice (Doc. Nos. 39, 61), and otherwise

13

comply with applicable lodestar precedent.  Plaintiff may file a response to that motion as provided in Local Rule 3.01(d).

     3.     Defendant's motion (Doc. No. 39) is **DENIED** in all other respects.

     4.     **Plaintiff is advised that failure to comply with this Order may result in further sanctions.**  *See* **Fed. R. Civ. P. 16(f), 37(b), and 41(b).**

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

14