# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MOUHCINE EL KOURATI,

Plaintiff,

v. Case No. 6:24-cv-02044-JSS-LHP

BUDGET RENT A CAR SYSTEM, INC.,

Defendant,

---

## ORDER

On May 8, 2026, the Court granted in part and denied in part Defendant's Motion for Sanctions (Doc. No. 39), which was related to Plaintiff's failure to comply with the Court's February 12, 2026 discovery order (Doc. No. 36). Doc. No. 62; *see also* Fed. R. Civ. P. 37(b)(2)(C). Specifically, the Court awarded Defendant its reasonable attorney's fees and costs incurred in the preparation and filing of its motion for sanctions and the parties' supplemental joint notice related thereto. *Id.* The Court directed the parties to confer in a good faith effort to resolve the amount of said fees and costs, to file a joint notice by date certain stating whether the issue was resolved, and if it was not resolved, the Court directed Defendant to file a motion to quantify the attorney's fees and costs, which must be supported by evidence and comply with applicable lodestar precedent. *Id.*, at 13-14.

On May 18, 2026, the parties filed their joint notice stating that they had conferred on the matter and were unable to reach agreement on the amount of fees and costs. Doc. No. 67. So, on May 26, 2026, Defendant filed its Motion to Quantify Attorney's Fees Regarding Motion for Sanctions and Joint Notice. Doc. No. 69. Plaintiff, who is proceeding *pro se*, has filed a response in opposition. Doc. No. 70. Upon consideration of the motion and response, and as discussed below, the Court finds that the motion (Doc. No. 69) is due to be granted in part and denied in part.

Attorney's fees awarded as a sanction in connection with discovery motions are typically calculated using the lodestar formula, which is derived by multiplying counsel's reasonable hourly rate by the number of hours counsel reasonably expended. *See Davis v. Biolife Plasma Services, L.P.*, No. 8:25-cv-1639-MSS-LSG, 2026 WL 2161418, at *1 (M.D. Fla. Apr. 1, 2026); *Atkinson v. Target Corp.*, No. 8:25-cv-1533-JLB-LSG, 2025 WL 3442788, at *1 (M.D. Fla. Dec. 1, 2025); *Walls v. Lee Mem'l Health Sys.*, No. 2:23-cv-150-JES-KCD, 2024 WL 3673722, at *1 (M.D. Fla. Aug. 6, 2024). *See also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. To establish that the requested hourly rate is consistent with the prevailing market rate, the fee applicant

must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits." *Id.* This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id.* The Court may also rely on its own knowledge and experience of the prevailing market rate. *Id.*, at 1299-1300, 1303. However, "[t]he going rate in the community is the most critical factor in setting the fee rate." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445-Orl-22DAB, 2012 WL 695670, at *5 (M.D. Fla. Feb. 14, 2012), *report and recommendation adopted*, 2012 WL 695843 (M.D. Fla. Mar. 1, 2012) (citing *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990)); *see also Diagnostic Leasing, Inc. v. Associated Indem. Corp.*, No. 8:16-cv-958-T-36TGW, 2020 WL 4582729, at *4 (M.D. Fla. Aug. 10, 2020) ("A reasonable hourly rate must incorporate considerations of the relevant market and the practice area.").

The fee applicant also bears the burden of proving reasonableness of the hours expended. In doing so, the applicant "must exercise billing judgement." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). This means excessive, redundant, or unnecessary hours—*i.e.*, hours that would be unreasonable to bill to a client—must be excluded. When the hours sought are excessive, the court may conduct an hour-by-hour analysis or reduce the requested hours across the board. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Defendant seeks a total of $9,254.50 in fees, for the work of three (3) attorneys – West Holden, Allison Wiggins, and A. Michael Weber – and one (1) paralegal, Ryan Lowe. Doc. No. 69, at 2-4. Turning first to the hourly rates, Defendant contends that $565.00 for Attorney Holden (11 years' experience), $485.00 for Attorney Wiggins (12 years' experience), $675.00 for Attorney Weber (53 years' experience), and $210.00 for paralegal Lowe (20 years' experience) "are reasonable and within the range allowed by this Court for attorneys and paralegals with similar experience." *Id.*, at 2-3. But other than providing their years of experience, and the self-serving declaration of Attorney Wiggins (Doc. No. 69-1), Defendant points to no other evidence suggesting that these rates are reasonably and customarily awarded in the Orlando market to attorneys of similar experience litigating similar cases. This is insufficient. *See Norman*, 836 F.2d at 1299; *Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2020 WL 5505389, at *3 (M.D. Fla. Aug. 21, 2020), *report and recommendation adopted*, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020) ("[T]he affidavit of the attorney performing the work is generally not sufficient to carry the applicant's burden of establishing that the requested rate is in line with the prevailing market rates. . . ." (citing *Norman*, 836 F.2d at 1299)).[1]

[1] In apparent recognition of the absence of any persuasive support, Defendant proposes alternative hourly rates of $500.00 for Attorney Weber, $325.00 for Attorneys Holden and Wiggins, and $150.00 for Paralegal Lowe. Doc. No. 69, at 5. Plaintiff also urges the Court to use these lower rates, "or lower," but does not suggest any alternative rates, nor provide any legal authority or evidence to support any further reductions. Doc. No.

As such, the Court focuses on the rates customarily awarded for similar types of litigation to attorneys of similar levels of experience by courts in the Middle District of Florida, Orlando Division, as well as the undersigned's own experience and expertise. *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))). And based on that review, the Court will reduce the hourly rates to $425.00 for Attorney Weber, $325.00 for Attorneys Holden and Wiggins, and $150.00 for Paralegal Lowe. *See, e.g.*, *Dixon v. Waste Pro of Fla., Inc.*, No. 8:22-cv-327-VMC-SPF, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022), *report and recommendation adopted*, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023) (approving hourly rate of $425.00 for partners with 17 and 19 years of experience in FLSA case); *Cunningham v. Sw. Airlines*, 548 F. Supp. 3d 1169, 1172 (M.D. Fla. 2021) (finding hourly rates of $345.00 and $245.00 reasonable for partners and associates in a Title VII civil rights action); *Lombard v. Another S. Holding Co., LLC*, No. 6:17-cv-1952-Orl-31DCI, 2019 WL 2423612, at *1 (M.D. Fla. June 10, 2019) (awarding hourly rate of $400.00 to an experienced civil rights attorney in FHA case); *see also Sanchez v. M&F,*

70, at 2. As discussed herein, the Court agrees with the lower rates for Attorneys Holden and Wiggins and Paralegal Lowe, but does not find that Defendant has properly supported Attorney Weber's hourly rate, particular where the case cited is a trademark infringement action, and not a run-of-the-mill employment discrimination case, as presented here. Doc. No. 69, at 5. *See also* Doc. Nos. 1, 37.

*Inc.*, LLC, No. 6:17-cv-1752-Orl-22LRH, 2020 WL 4671144, at *5 (M.D. Fla. Aug. 12, 2020) (awarding $150.00 per hour for a paralegal in Orlando).

Next, the hours expended. Defendant claims Attorney Holden spent 4.4 hours "bringing" the motion for sanctions. Doc. No. 69, at 2. After Attorney Holden withdrew from the case, Attorney Wiggins took over the matter, and she expended 11.2 hours "reviewing Plaintiff's response to Defendant's Motion for Sanction; correspondence between Ms. Wiggins and Plaintiff regarding the conferral meeting, outstanding discovery, and preparation of the joint notice; preparing for the conferral with Plaintiff, including identification of outstanding discovery at issue; and drafting, revising, and filing the Joint Notice." *Id.*, at 4. And Attorney Weber spent 1.7 hours preparing for and attending the good faith conferral with Plaintiff prior to the filing of the Joint Notice. *Id.*, at 3. Defendant points to Attorney Wiggin's declaration, and heavily redacted billing records to support these hours. Doc. Nos. 69-1 through 69-4. Plaintiff objects to these hours, arguing that several entries appear to be outside the scope of the Court's May 8, 2026 Order (Doc. No. 62), including entries seeking fees for the present motion, Defendant unreasonably used multiple time-keepers for this narrow discovery sanctions issue, and that Defendant only obtained limited success. Doc. No. 70.

Upon consideration, the Court finds Plaintiff's objections well taken, to an extent. The Court has reviewed the billing records and does not find that Defendant

is seeking to recover any hours expended on work outside the scope of the Court's May 8, 2026 Order.[2] Rather, the billing records (Doc. Nos. 69-2, 69-3, 69-4) make clear that the hours sought relate to the preparation of the sanctions motion, the parties' Court-ordered conferral, and the preparation and filing of the joint notice, all of which the Court awarded to Defendant. However, the Court agrees with Plaintiff that the hours themselves are unreasonably excessive and duplicative, with many spent essentially getting up to speed by Attorneys Wiggins and Weber, which are not recoverable. And the Court notes a total absence of explanation as to why two attorneys (Wiggins and Weber) were necessary for the good faith conferral when one attorney (Holden) had successfully litigated all discovery issues up to that point. *See U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93-Orl-19DABC, 2007 WL 1601747, at *4 (M.D. Fla. June 1, 2007) ("While time spent litigating a case is certainly recoverable, time spent 'getting up to speed' or learning about the principles of *qui tam* actions, which does not advance the case and was not a result of Defendants' actions, is not reasonably billed to a client or one's adversary."); *Lang v. Reedy Creek Improvement Dist.*, No. 94-cv-693-

[2] Plaintiff also complains that the billing records are excessively redacted, thereby precluding any meaningful review. Doc. No. 70, at 2. Not so. The redactions clearly relate to matters outside the scope of the Court's May 8, 2026 Order and would presumably encompass attorney-client privileged matters. Doc. Nos. 69-2, 69-3, 69-4. And Plaintiff was clearly able to posit substantive objections, some of which the Court finds meritorious. In any event, Defendant is not seeking to recover any fees for redacted time entries.

Orl-3ABF(17), 95-cv-956-Orl-3ABF(17), 1997 WL 809200, *3-4 (M.D. Fla. Dec. 23, 1997) (discounting time spent by attorney "getting up to speed" in a sex discrimination case). *See also Troche v. City of Orlando*, No. 6:14-cv-419-Orl-22KRS, 2015 WL 631380, at *5 (M.D. Fla. Feb. 13, 2015) ("[A] fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case . . . . But the fee applicant has the burden of showing that, and where there is an objection raising the point, it is not a make-believe burden." (quoting *Barnes*, 168 F.3d at 432)).

For these reasons, the Court will reduce the requested hours for Attorneys Wiggins and Weber by 50%.[3] *See, e.g.*, *Canalejo v. ADG, LLC*, No. 8:14-cv-17-T-MAP, 2015 WL 7351446, at *4 (M.D. Fla. Nov. 20, 2015) (applying 40% across the board reduction to all attorney hours where plaintiff's attorneys engaged in excessive billing, including unnecessarily duplicating work for new lead counsel "getting up to speed"); *Vega v. Orlando Hous. Auth.*, No. 6:14-cv-1700-Orl-22GJK, 2015 WL 5521917, at *7 (M.D. Fla. Sept. 15, 2015) (reducing attorney hours by 75% where the work appeared redundant, duplicative, and excessive for a relatively straightforward litigation).

---

[3] The Court does not find that Paralegal Lowe's hours are unreasonably excessive, nor does Plaintiff specifically object to them.

This leaves a total lodestar of **$3,746.25** calculated as follows:

| | | | |
|---|---|---|---|
| Attorney Holden | $325.00/hour | 4.4 hours | $1,430.00 |
| Attorney Wiggins | $325.00/hour | 5.6 hours | $1,820.00 |
| Attorney Weber | $425.00/hour | .85 hours | $361.25 |
| Paralegal Lowe | $150.00/hour | .9 hours | $135.00 |

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion to Quantify Attorney's Fees Regarding Motion for Sanctions and Joint Notice (Doc. No. 69) is **GRANTED IN PART** to the extent that Plaintiff shall pay to Defendant **$3,746.25** in attorney's fees as a sanction pursuant to the Court's May 8, 2026 Order (Doc. No. 62). In all other respects, the motion (Doc. No. 69) is **DENIED**.[4]

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

[4] The Court notes Plaintiff's representation that he is unable to pay a lump-sum award due to his *pro se* status, and his request for a payment schedule. Doc. No. 70, at 3-4. Plaintiff has not been granted *in forma pauperis* status, however, nor has he provided any evidence to support his claims of financial hardship. Thus, the Court finds unpersuasive any requests to further reduce the sanctions award on this basis. That said, the Court has not established a deadline for payment, and urges the parties to work together to establish a payment schedule, if necessary. Plaintiff is advised, however, that a complete failure to comply with this Order may result in further sanctions.

Copies furnished to:

Counsel of Record
Unrepresented Parties